Tagged Opinion



**ORDERED in the Southern District of Florida on February 01, 2007.**

Laurel M. Isicoff, Judge
United States Bankruptcy Court

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

| | |
|---|---|
| In re: | CASE NO. 01-50301-BKC-LMI |
| MANUEL CUEVAS and ROSA CUEVAS | Chapter 13 |
| Debtors. _____/ | |
| ROBERTA LAZAR, as assignee of THE MORTGAGE COMPANY OF THE SOUTH, INC., a dissolved Florida corporation, | ADV. CASE NO. 06-01328-BKC-LMI |
| Plaintiff, | |
| vs. | |
| MANUEL CUEVAS, ROSA CUEVAS, WILNA JOSEPH, a single woman, ESMERANDA LAFRANCE, a married woman, UNKNOWN SPOUSE OF ESMERANDA LAFRANCE, DECISION ONE MORTGAGE COMPANY, LLC, NANCY N. HERKERT, TRUSTEE, | |
| Defendants. _____/ | |

**AMENDED ORDER DENYING PLAINTIFF'S MOTION FOR
SUMMARY JUDGMENT, DISMISSING ADVERSARY PROCEEDING
AND SETTING EVIDENTIARY HEARING[1]**

---

[1] Amended for formatting purposes only.

ADV. CASE NO. 06-01328-BKC-LMI

This matter came on before this Court on Motion for Summary Judgment filed by the Plaintiff in this action, Roberta Lazar ("Plaintiff" or "Lazar"), dated October 2, 2006 (CP #47). For the reasons set forth herein, the Motion for Summary Judgment is denied, this adversary proceeding is dismissed, the Complaint is deemed a Motion for Reconsideration under Fed. R. Civ. P. 60(b), applicable to this case pursuant to Fed. R. Bankr. P. 9024, and this matter is set for evidentiary hearing.

## FACTUAL BACKGROUND

On July 24, 1997 Manuel and Rosa Cuevas (the "Debtors") granted a second mortgage (the "MCS Mortgage") in favor of The Mortgage Company of the South, Inc.[2] encumbering property legally described as CONDOMINUM PARCEL NO. 101, MOUNTCLAIR VILLAS, A CONDOMINIUM ACCORDING TO THE DECLARATION OF CONDOMINIUM THEREOF, AS RECORDED IN OFFICIAL RECORD BOOK 15453, PAGE 455, OF THE PUBLIC RECORDS OF MIAMI-DADE COUNTY, FLORIDA a/k/a 451 N.E. 136th Street #101, Miami, FL 33161 (the "Property"). On February 7, 2001 The Mortgage Company of the South, Inc. commenced an action to foreclose its interest in the Property (the "MCS Foreclosure Action"). On April 16, 2006 the Debtors petitioned for Chapter 13 bankruptcy relief which stayed the MCS Foreclosure Action.

The Debtors' bankruptcy schedules listed the Property as "investment property" with a first mortgage on the Property held by Bank of America and a second mortgage on the Property held by "The Mortgage Company" [sic].

---

[2] The Mortgage Company of the South, Inc. was voluntarily dissolved on August 26, 1999, but the MCS Foreclosure Action was brought in the name of the dissolved corporation, as authorized under Florida law. See Fla. Stat § 607.1405(1) and (2). The Mortgage Company of the South, Inc.'s interest in the MCS Mortgage and the note it secured were assigned to Roberta Lazar, the Plaintiff in this action, at some point. The assignment of mortgage was never recorded.

2

The Debtors' Chapter 13 Plan, filed on May 9, 2001 (CP #7)[3], contained the following valuation bulletin:

> PLEASE BE ADVISED THAT THIS CHAPTER 13 PLAN PROVIDES FOR A VALUATION OF COLLATERAL PURSUANT TO SECTION 506 OF THE UNITED STATES BANKRUPTCY CODE. IN EFFECT, THE DEBTOR IS VALUING COLLATERAL AT SUBSTANTIALLY LESS THAN THE SECURED CLAIM AND WILL PROVIDE FOR PAYMENTS OF ITS VALUE DURING THE PLAN PERIOD. IF ANY CREDITOR HAS AN OBJECTION OR QUESTION REGARDING THIS VALUATION, YOU MUST BE PRESENT AT THE SECTION 341 MEETING AND CONFIRMATION.

The Debtors' Chapter 13 Plan further provided that "the value of the investment property is $59,420.00 and the amount owed to the first mortgagee BANK OF AMERICA is $63,107.34. Therefore, as there is no equity after the first mortgage, the maintenance fees due to THE MORTGAGE COMPANY [sic] in the amount of $18,019.00 will be stripped off and avoided." A Certificate of Mailing included in the Chapter 13 Plan indicated that a copy of the Chapter 13 Plan was mailed to "all creditors" by the Debtors' counsel. The National Bankruptcy Noticing Center also certified mailing a copy of the Chapter 13 Plan to all creditors listed by the Debtors on the servicing matrix including "The Mortgage Company, [sic] C O daniel [sic] Lazar, 1110 N. Kendall Dr, Suite 200, Miami FL 33176."[4]

The Debtors filed a Second Amended Chapter 13 Plan (CP #46) on April 5, 2002. The Debtors' Second Amended Chapter 13 Plan contained a valuation bulletin and Certificate of Mailing identical to those included in the original Chapter 13 Plan. The Debtors' Second Amended Chapter 13 Plan was confirmed by order of the Court dated

---

[3] Unless otherwise indicated, all references to court paper numbers ("CP #") are to those in the main bankruptcy case docket no. 01-50301-BKC-LMI.

[4] Daniel B. Lazar, Esq. represented The Mortgage Company of the South, Inc. in its foreclosure action against the Debtors and is the son of the Plaintiff, Roberta Lazar. However, Daniel Lazar did not make an appearance in the bankruptcy case on behalf of either Lazar or The Mortgage Company of the South, Inc.

April 25, 2002. The Court's Order Confirming Second Amended Chapter 13 Plan (CP #48) provided, in pertinent part, that:

> To the extent the Plan sought a determination of valuation pursuant to Fed. R. Bankr. P. 3012, and no objections were filed or any objections were resolved, the terms of the Plan will be binding upon the affected secured creditors, and any allowed proof of claim will be secured only to the extent of the value as provided for in the Plan and unsecured as to the balance of the claim.[5]

On July 26, 2005, the Debtors filed their Emergency Motion to Approve Sale of Homestead Property and Payoff the Bankruptcy and Motion for Recordable Order Avoiding Lien (the "Emergency Sale Motion and Motion for Recordable Order") (CP #145). The Emergency Sale Motion and Motion for Recordable Order identified the Property, previously scheduled as "investment property," as the Debtors' homestead.[6] The Emergency Sale Motion and Motion for Recordable Order represented that "the Debtors' had stripped off the second mortgage lien . . . in their confirmed Second Amended Chapter 13 Plan."[7] The Certificate of Service included in the Emergency Sale Motion and Motion for Recordable Order indicated a copy of the filing was faxed and or mailed to "The Mortgage Company of South Florida, Inc., [sic] 350 Sevilla Avenue, Suite 102 Coral Gables, FL 33143, Attn: Dr. Lester Lazar, Director, C/O Daniel B. Lazar, Esquire 11110 North Kendall Drive, Suite 200, Miami, FL 33176." A Notice of Hearing

---

[5] Neither The Mortgage Company of the South, Inc. or Roberta Lazar ever filed a proof of claim. The Debtors did not provide for treatment of the claim in any of their Chapter 13 Plans even though the Debtors never disputed the debt, merely the debt's secured status.

[6] The Debtors' bankruptcy schedules listed the property located at 1130 N.E. 130th Street, North Miami, Florida 33161 as the Debtors' homestead.

[7] The Debtors also filed an Emergency Motion to Value Collateral and Strip Lien of the Mortgage Company of the South and MountClair Villas Condominium Association (the "Emergency Valuation Motion") (CP #147). The Emergency Valuation Motion asserted the value of the Property, at the time of filing, was $59,420.00 and because the value of first mortgage, held by Bank of America, was $63,107.34, the second mortgage due to The Mortgage Company of the South, Inc., in the amount of $18,019.00 should be stripped and avoided. No order was ever issued on the Emergency Valuation Motion.

was issued setting the Emergency Sale Motion and Motion for Recordable Order for hearing on August 2, 2005, which hearing was later continued to August 5, 2005. The Order continuing the Emergency Sale Motion and Motion for Recordable Order directed a copy of the order be furnished to Daniel B. Lazar, Esquire via facsimile at 305-595-4141.

The Court's Order Granting Debtors' Emergency Motion for Recordable Order Avoiding Lien (CP #151) (the "Recordable Order") was entered on August 5, 2005 and provided that "the second mortgage lien due to The Mortgage Company of South Florida, Inc. [sic] . . . attached to the Debtors' homestead/real property located at 451 Northeast 136 Street, # 101, Miami, FL 33161 . . . is AVOIDED and DEEMED PAID and SATISFIED." On the same day, the Court issued a separate Order Granting Debtors' Emergency Motion to Approve Sale of Homestead Property and Payoff the Bankruptcy (CP #152), authorizing the Debtors to sell the Property.

A Settlement Statement dated October 11, 2005 indicates that the Property was sold by the Debtors to Wilna Joseph for one hundred and forty-five thousand dollars ($145,000.00). Decision One Mortgage Company, LLC ("Decision One") financed Wilna Joseph's purchase and received a mortgage in the amount of one hundred and sixteen thousand dollars ($116,000.00) encumbering the Property. The Debtors took a purchase money second mortgage on the Property in the amount of twenty-nine thousand dollars ($29,000.00). The Debtors' first mortgage, held by Bank of America, was satisfied with proceeds from the sale of the Property to Wilna Joseph.[8] Wilna Joseph's

---

[8]Lazar acknowledges that in her Motion for Summary Judgment that "to the extent, that Decision One paid-off the first mortgage predating the mortgage of the Plaintiff, … it is admitted that Decision One ought to possess an equitable position in the property that would be the same at the present time as that which the then existing first mortgagee would now possess if it still held a mortgage, …".

5

interest in the Property was transferred to Esmeranda Lafrance by quit-claim deed dated December 12, 2005. At that time, the Debtors' purchase money mortgage was paid by Decision One who now holds two mortgages on the Property.

## PROCEDURAL BACKGROUND

Lazar filed a two count complaint against Defendants Manuel and Rosa Cuevas, Wilna Joseph, Esmeranda LaFrance and her unknown spouse, Decision One, and the chapter 13 Trustee, Nancy Herkert, titled, "Complaint Seeking To Vacate Order Granting Motion to Avoid Lien of the Mortgage Company of the South, Inc., and Seeking To Vacate the Sale and Mortgage of the Property Free and Clear of the Lien of the Mortgage Company of the South, Inc., and Seeking Non-Discharge of Debt." Count I of the Complaint seeks an order vacating the Recordable Order, and declaring Lazar's lien "to be in force and in good standing against the property as a lien superior to that of any other entity", and any other equitable relief to which Lazar may be entitled. In Count II of the Complaint, the Plaintiff sought a declaration that the debt due Lazar by the Debtors is non-dischargeable. Plaintiff later voluntarily dismissed Count II of the Complaint.

Defendant Decision One initially filed a Motion to Dismiss on the basis that Lazar does not have standing to bring this action because the assignment of the MCS Mortgage was not recorded. That motion was denied. The Plaintiff then filed its Motion for Summary Judgment arguing there is no genuine issue of material fact that the Motion for Recordable Order (as well as any other pleadings filed in the case that purported to adversely impact the MCS Mortgage) was not properly served. Defendant Decision One filed a response arguing that there are, in fact, genuine issues of fact regarding whether

6

Lazar had actual notice or is otherwise estopped from bringing this action. No other defendant filed a response.[9]

## JURISDICTIONAL ISSUES REQUIRE DISMISSAL OF THIS ADVERSARY PROCEEDING

The nature of the relief sought by the Plaintiff is to vacate a prior order of this Court. Rule 60(b) of the Federal Rules of Civil Procedure, made applicable to bankruptcy cases pursuant to Rule 9024 of the Federal Rules of Bankruptcy Procedure, provides, in pertinent part, that:

> On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; . . . (4) the judgment is void; . . . or (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1),(2), and (3) not more than one year after the judgment, order or proceeding was entered or taken.

Fed. R. Civ. P. 60(b). Fed. R. Civ. P. 60(b) also provides that "relief from a judgment shall be by motion as prescribed in these rules or by an independent action."

The nature of an independent action challenging a judgment is one for equitable relief. The elements are:

> (1) a judgment which ought not, in equity and good conscience, to be enforced; (2) a good defense to the alleged cause of action on which the judgment is founded; (3) fraud, accident or mistake which prevented the defendant in the judgment from obtaining the benefit of his defense: (4) the absence of fault or negligence on the part of defendants; and (5) the absence of any remedy at law.

*Travelers Indemnity Co. v. Gore*, 761 F.2d 1549, 1551 (11th Cir. 1985)(quoting *Bankers Mortgage Co. v. U.S.*, 423 F.2d 73, 79 (5th Cir.), *cert. denied* 399 U.S. 927 (1970)).

---

[9] Mr. and Mrs. LaFrance are pro se. Although the Plaintiff obtained a Clerk's default against Mr. and Mrs. LaFrance, as well as against Wilna Joseph, no default judgment has been entered. In light of the Court's dismissal of this adversary proceeding, the clerk's default has no further impact on the issues to be resolved by the Court.

When a party seeks relief from an order or judgment pursuant to Fed. R. Civ. P. 60, then such motion is considered ancillary to the proceeding from which the challenged order or judgment emanated. However, when a party seeks relief from an order or judgment through a separate action, then the party must first plead, and successfully demonstrate, that the court has jurisdiction to hear the independent action. *See Bankers Mortgage Co. v. U.S,* 423 F.2d at 78; *Weldon v. U.S.*, 845 F. Supp. 72, 75 (N.D.N.Y. 1994).

Count I of the Complaint seeks determination of the validity, priority, and extent of the Plaintiff's mortgage lien on the Property. Pursuant to Section 157(b)(2)(k) of the Bankruptcy Code, an action to determine the validity, extent, or priority of liens is a core proceeding within a bankruptcy court's jurisdiction. However, 11 U.S.C. §157(b)(2)(k) empowers bankruptcy courts to make determinations of the validity, extent, or priority of liens only with respect to property of the estate. *Continental National Bank of Miami v. Carmen Sanchez (In re Orlando Toledo and Maria Toledo),* 170 F.3d 1340, 1347 *(11th Cir. 1999); The New Farmers National Bank of Glasgow v. D.L. McKinney (In re D.L. McKinney),* 45 B.R. 790, 791-92 (Bank. W.D. Ky. 1985). In *In re McKinney,* the court declined to adjudicate an adversary proceeding where the essence of the dispute was the priority of liens where neither the debtor or trustee maintained an interest in the property. "A bankruptcy court lacks jurisdiction to either hear or decide private lien priority disputes between two creditors which do not directly or indirectly affect the debtor or his property." *Id.* at 792.

In this case, the Plaintiff seeks an order, the result of which would be to reimpose a lien interest on a piece of real property that is no longer property of the estate, and then

declare the priority of such lien. Since the Property is no longer property of the estate, this Court does not have jurisdiction to enter such an order and grant such relief. *Id.; see also Maryland National Industrial Finance Corp. v. Gold Dust Coal Co.,* 49 B.R. 288, 292 (Bankr. ND. Ill. 1985). Such an independent action must be brought in a different court.

However, "[w]here the adverse party is not prejudiced an independent action for relief may be treated as a 60(b) motion, and conversely, a 60(b) motion may be treated as the institution of an independent action." *Bankers Mortgage Co. v. U.S.*, 423 F.2d at 77 n.7. Since it is most appropriate for this Court to consider the propriety of vacating its own order, *see Covington Industries, Inc. v. Resintex A.G.,* 629 F.2d 730, 733 (2d Cir. 1980); *Florida Evergreen Foliage v. E.I. Dupont De Nemours and Co.,* 336 F. Supp. 2d 1239, 1271 (S.D. Fla. 2004), because in either an independent action or consideration of a Rule 60 motion, this Court is exercising its equitable jurisdiction, and because the parties have already spent time and expense presenting the relevant issues to this Court, the Court finds that the parties will not be prejudiced by treating the Complaint as a motion for relief under Fed. R. Civ. P. 60(b). Moreover, since the Plaintiff sought this Court as its forum for relief, the Court finds it is appropriate that an order be entered on the relief the Plaintiff seeks by this Court.

### AN EVIDENTIARY HEARING IS NECESSARY TO DETERMINE THE ALLEGATIONS OF SERVICE AND EQUITABLE CONSIDERATIONS

There are many questions regarding the nature and adequacy of service of The Mortgage Company of The South, Inc. There are also some issues as to whether The Mortgage Company of the South, Inc. or Lazar had actual notice of the proceedings.

Service of the Chapter 13 Plans and the subsequent Motion seeking to strip off the junior mortgage lien were required to be made in accordance with Fed. R. Bankr. P. 7004;[10] *In re Nowling*, 279 B.R. 607 (Bankr. S.D. Fla. 2002). Fed. R. Bankr. P. 7004 provides that a corporation may be served by first class mail "by mailing a copy of the summons and complaint to the attention of an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process …."

At the time the Emergency Motion for Recordable Order was filed and served, the Florida Division of Corporations listed the following information for The Mortgage Company of the South, Inc.:

| | |
|---|---|
| Principal address: | 4649 Ponce de Leon Boulevard, Suite 300<br>Coral Gables, Florida 33146 |
| Mailing address: | 350 Sevilla Avenue, Suite 102<br>Coral Gables, Florida 33143 |
| Director: | Dr. Lester Lazar<br>12150 S.W. 92nd Avenue<br>Miami, Florida 33176<br>(the "Kendall address") |
| Director<br>(and resident agent): | Robert Chambers<br>4649 Ponce de Leon Boulevard, Suite 300<br>Coral Gables, Florida 33146 |
| Director<br>and Secretary : | Mary Chambers<br>4649 Ponce de Leon Boulevard, Suite 300<br>Coral Gables, Florida 33146 |

The same public records indicate The Mortgage Company of the South, Inc. was voluntarily dissolved on August 26, 1999. Since Dr. Lazar was not, according to the Florida public records, an officer of The Mortgage Company of the South, Inc. then,

---

[10] Lazar's argument that Rule 7004 is unconstitutional as applied has been previously rejected by other courts, see, e.g., *Creditors Committee of Park Nursing Center, Inc. v. Samuels* (*In re Matter of Park Nursing Center, Inc.*), 766 F.2d 261, 263 (6th Cir. 1985), whose reasoning this Court adopts.

assuming, for purposes of Rule 7004, an officer is not a director, one issue the Court will need to address is whether Dr. Lazar was otherwise authorized by law to receive service of process on behalf of The Mortgage Company of the South, Inc.

Fed. R. Bankr. P. 7004 provides that service upon an individual shall be by first class mail "to the individual's dwelling, house or usual place of abode or to the place where the individual regularly conducts a business or profession." Another issue the Court will address is whether Lazar was properly served under applicable law.

The Court will require presentation of evidence on all issues relating to the service of the plans, motions at issue and subsequent orders. The Court also will require argument and evidence relating to facts to be considered by this Court in making its equitable determination, whether to vacate the Recordable Order, including, without limitation, circumstances relating to the sale of the Property to Wilna Joseph, the transfer of the Property to the LaFrances, the mortgages of Decision One, and whether and to what extent Lazar may be entitled to relief against the Debtors.

A separate order setting evidentiary hearing will be entered by this Court.

# # #

Copies furnished to:

Rex E. Russo, Esq.

Attorney Russo shall immediately serve a conformed copy of this order upon all named defendants in this adversary proceeding, and shall file a certificate of service confirming same with the Clerk of the Court.